**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LINCOLN G. LATHAM, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 26-cv-11329-JEK |
| MICHAEL COLE, et al., | ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| LINCOLN G. LATHAM, JR., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 26-cv-11437-JEK |
| MICHAEL COLE, et al., | ) ) | |
| Defendants. | ) ) ) | |

**<u>ORDER</u>**

**KOBICK, J.**

On March 18, 2026, Lincoln G. Latham, Jr., who is self-represented, filed a motion for a temporary restraining order against four officials and employees of the Massachusetts Department of Transitional Assistance ("DTA"). ECF 2, No. 26-cv-11329. Five days later, on March 23, 2026, he filed a complaint in the case. ECF 5, No. 26-cv-11329. Then, on March 25, 2026, Latham filed a second complaint in a separate lawsuit against the same four DTA officials and employees. ECF 1, No. 26-cv-11437. With the second complaint, Latham filed an application to proceed *in forma*

*pauperis*. ECF 2, No. 26-cv-11437. In both actions, Latham asserts that he was subject to retaliation based on his successful appeal of an adverse benefits ruling.

On March 25, 2026, No. 26-cv-11437 was reassigned as related to No. 26-cv-11329 under Local Rule 40.1(i)(1). *See* ECF 4, 5, No. 26-cv-11437. Pursuant to Federal Rule of Civil Procedure 42, a district court may consolidate civil actions pending in the same court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In his two lawsuits, Latham asserts essentially the same claim arising out of the same set of operative facts. Because these actions involve common issues of law and fact, as well as the same defendants, the Court will consolidate the two actions under Rule 42. The clerk will be directed to consolidate these cases. All further papers filed or submitted for filing will be docketed in the lead action under case No. 26-cv-11329. No further action is permitted on the higher numbered case, No. 26-cv-11437, which will be terminated as a pending case on the Court's docket.

For the foregoing reasons, it is hereby ordered as follows:

1.  The clerk is directed to consolidate No. 26-cv-11437-JEK with No. 26-cv-11329-JEK. The motion for leave to proceed *in forma pauperis* that was filed in No. 26-cv-11437-JEK (ECF 2) shall be entered on the docket of No. 26-cv-11329-JEK. No. 26-cv-11437-JEK shall be terminated on the Court's docket. The lead case shall be No. 26-cv-11329-JEK, and all further pleadings shall be filed under this case number.

2.  The motion for leave to proceed *in forma pauperis* is ALLOWED.

3.  The motion for a temporary restraining order, ECF 2, is DENIED WITHOUT PREJUDICE. Latham's motion is not supported with a separate memorandum of reasons and therefore does not address the legal requirements for a temporary restraining order or preliminary injunction. *See* Local Rule 7.1(b)(1) ("A party filing a

2

motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.").

4.  The Clerk shall issue summons for service of the complaint in No. 26-cv-11329-JEK on the defendants. Latham is responsible for serving the summons, complaint, and this Order in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5.  Because Latham is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If he chooses to have service completed by the USMS, he shall provide the agency with all papers for service and a completed USM-285 form for each non-foreign defendant to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

6.  Latham shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Latham. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1.

7.  All further papers filed or submitted for filing will be docketed in the lead action under case No. 26-cv-11329-JEK.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2026